IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 6:17CR207 |
| | ) | |
| vs. | ) | SENTENCING MEMORANDUM |
| | ) | |
| CLEVELAND HARRIS WATKINS, II | ) | |
| | ) | |

Now comes the Defendant, Cleveland Harris Watkins, II, by and through his attorney, and respectfully asks this Court to impose a sentence of 18 months imprisonment, which is the bottom of the recommended sentence guidelines range of 18-24 months imprisonment.

Mr. Watkins has filed no objections to the Presentence Investigation Report (PSR). His guidelines total offense level is 15, and his guidelines criminal history category is I. PSR ¶58. He contends that the provisions of the United States Sentencing Commission Guidelines Manual (USSG) § 5K2.0 (Mitigating Circumstances) as well as 18 U.S.C. §3553(a) as applied to the circumstances of this case justify this court in sentencing him to 18 months imprisonment, followed by a term of supervised release. Mr. Watkins also requests this Honorable Court to make a recommendation that he be sent to the Federal Correctional Complex in Edgefield, South Carolina to serve his sentence in this case.

On February 6, 2018, Mr. Watkins entered a timely guilty plea to Possession with intent to distribute and distribution of heroin on July 21, 2016, a violation of Title 21 United States Code Section 841(a)(1) and (b)(1)(C) and Felon in Possession of a firearm on December 8, 2016, a violation of Title 18 United States Code Section 922(g)(1) and 924(a)(2). According to documents received in discovery, Mr. Watkins was arrested on December 8, 2016 following an investigation by the Greenville City Police Department involving the use of a confidential

informant to make three controlled purchases of heroin (totaling 2.45 grams) from Mr. Watkins over a 2-week period of time from July 21 through August 5, 2016.  PSR ¶8.  On the date of Mr. Watkins' arrest, he agreed to speak with law enforcement officers and advised them that he was in possession of a firearm that was stored at his girlfriend's house.  PSR ¶9.  Mr. Watkins was not in possession of any controlled substances at the time of his arrest on December 8, 2016.

Mr. Watkins was able to post bond on the state charges arising from these controlled purchases, and was released from state custody on December 9, 2016.  Mr. Watkins was subsequently advised that a warrant had been issued in the instant federal case, and he self-surrendered to the U.S. Marshalls on November 29, 2017.  Mr. Watkins has been unable to post bond in this case, and has been in federal custody since November 29, 2017.

Mr. Watkins accepts responsibility for his criminal conduct, truthfully admits the conduct of the offense and relevant conduct, and has filed no objections to the PSR.  Mr. Watkins agrees that he qualifies the 4-level increase to his base offense level under United States Sentencing Commission, Guidelines Manual, (USSG) §2K2.1(b)(6)(B), since this increase applies if the firearm "had the potential of facilitating another felony offense," USSG §2K2.1, comment. (n.14(A)), an expansive definition that is reasonably applied in this case.  PSR ¶30.  In mitigation, however, Mr. Watkins notes that there is no indication that this firearm was ever actually possessed in conjunction with the instances involving distribution of heroin or at the time those offenses occurred, that no contraband was recovered from Mr. Watkins' vehicle or his person when he was arrested on the state warrants, that law enforcement officers learned of the existence of the firearm only because Mr. Watkins cooperated with the police investigation, confessed to his possession of the firearm, and consented to a search to recover the firearm at his girlfriend's home, and that the firearm was discovered four months after the third and final

controlled purchase of heroin by the confidential informant.

In mitigation, Mr. Watkins further asserts that he has strong family ties and responsibilities.  His mother and sister live in Simpsonville, and his girlfriend lives in Greenville.  He has one daughter who is five years old, and she now lives with Mr. Watkins' mother.  He has a close relationship with his immediate family and with his girlfriend, and he is committed to being involved and engaged in his daughter's upbringing and providing support for her, both emotionally and financially.  He also has actively pursued an education, and is proud of his accomplishments: he graduated from Mauldin High School in 2001 (Attachment 1), he achieved a Certificate in Industrial Technology with a major in auto body repair from Greenville Technical College in 2003 (Attachment 2), he completed instruction in Forklift Certification at Greenville Technical College in 2013, (Attachment 3), and he received a Certificate in Applied Science with a major in street rods and customizing from Greenville Technical College in 2013 (Attachment 4).  He also has a substantial history of gainful employment in the services industry.  PSR ¶¶49-54.  He aspires to use the training, education, and skills that he has obtained to pursue a productive and gainful career after his release from the Bureau of Prisons.

Mr. Watkins further requests this court to make a recommendation to the Bureau of Prisons that he be sent to the Federal Correctional Institution in Edgefield, South Carolina to serve his sentence in this case, so that his family has the opportunity to visit him during his time in custody.

WHEREFORE for the reasons stated above and as may be further supplemented orally at his sentencing hearing, Mr. Watkins respectfully submits that the provisions of USSG §5K2.0 and 18 U.S.C. §3553(a) as applied to the circumstances of this case justify this court in sentencing him to 18 months imprisonment, the bottom of the recommended sentencing

guideline range, followed by a term of supervised release, and requests a recommendation that he be sent to the Federal Correctional Complex in Edgefield, South Carolina to serve his sentence in this case.

        Respectfully submitted,
        FEDERAL PUBLIC DEFENDER
        Attorney for the Defendant

        *s/ Erica Soderdahl*
        Erica Soderdahl (Fed. Bar # 12606)
        Assistant Federal Public Defender
        75 Beattie Place, Suite 950
        Greenville, South Carolina 29601
        (864) 235-8714
        erica_soderdahl@fd.org

August 21, 2018
Greenville, South Carolina